IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00498-MSK-KLM

MARK JORDAN,

    Plaintiff(s),

v.

R. WILEY, Warden, ADX Florence,
H. LAPPIN, Director, Bureau of Prisons, and
U.S. BUREAU OF PRISONS,

    Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Conduct Discovery and Set a Discovery Plan** [Docket No. 65; Filed September 5, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 68; Filed September 25, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Plaintiff requests leave to conduct discovery, and asks that the Court establish a discovery plan. *Motion* [#65] at 2-3. Plaintiff argues that while he "had entertained the possibility that this case would be resolved on the APA claims alone, that may not be possible depending on the Court's reaction to defendants' argument that this Court lacks

1

jurisdiction under the APA. Because the Court has determined there appears to be disputed issues of fact surrounding Plaintiff's due process claims, discovery is necessary that Plaintiff may proceed on them." *Motion* [#65] at 2.

On September 28, 2007, during a preliminary scheduling conference, the parties agreed that discovery should not be conducted due to the pending Motion for Partial Summary Judgment filed by Plaintiff and the Partial Motion to Dismiss filed by Defendants [Docket No. 35]. Accordingly, no deadlines were set at that time. On March 26, 2008, District Judge Krieger ruled on the pending dispositive motions, denying Plaintiff's Motion for Partial Summary Judgment and granting in part and denying in part Defendants' Partial Motion to Dismiss [Docket No. 47]. As a result of Judge Krieger's ruling, Plaintiff has remaining three Administrative Procedure Act ("APA") claims and three constitutional claims. *See Order* [#47] at 15. On June 18, 2008, the Court held a status conference regarding Plaintiff's remaining claims [Docket No. 56]. At that time, the Court set a briefing scheduling for Plaintiff's APA claims. Defendants argue that during the status conference, they inquired whether Plaintiff's constitutional claims were effectively stayed until after adjudication of the APA claims and that Plaintiff did not object to these claims being stayed. *Response* [#68] at 2. Defendants argue that by deciding Plaintiff's APA claims first, prior to allowing any discovery on Plaintiff's constitutional claims, "the interests of legal and judicial economy will be served." *Id.*

A stay on discovery is generally disfavored in this jurisdiction. *See, e.g., Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Wason Ranch Corp. v. Hecla Mining Co.*,

2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision); *Chavez v. Young Am. Ins. Co.*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (unpublished decision). Indeed, it generally is the policy in this district not to stay discovery unless a defense of qualified immunity has been raised in a pending motion to dismiss. *Workman*, 958 F.2d at 336. That is, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milyard Mfg., Inc.,* 2007 WL 1063564, *1 (D.Colo. 2007).

It is undisputed that no dispositive motion is currently pending which raises the defense of qualified immunity. Moreover, Plaintiff has argued that he does not believe that a decision on his APA claims will resolve all the issues currently present in this case. Finally, Defendants do not cite to any law for the proposition that adjudication of pending APA claims must proceed prior to any discovery on constitutional claims, and the Court can find none. Instead, Defendants claim that a continued stay of proceedings would best serve the interests of judicial economy, presumably in terms of time, money and effort spent conducting discovery on Plaintiff's constitutional claims while his APA claims remain pending. *Response* [#68] at 2. However, defendants are always burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez*, 2007 WL 683973 at *2. Here, there is no evidence of a special burden on Defendants. Therefore, although Plaintiff may have previously agreed to a stay of discovery, the fact remains that a stay on discovery is generally disfavored in this jurisdiction and that Plaintiff is entitled to change his mind. In the interest

of a speedy and fair resolution of Plaintiff's constitutional claims, Plaintiff must be allowed to conduct some discovery.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion for Leave to Conduct Discovery and Set a Discovery Plan** [Docket No. 65; Filed September 5, 2008] is **GRANTED**.

IT IS FURTHER **ORDERED** that a Status Conference is set for **November 20, 2008 at 11:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado to enter orders setting limitations upon and a time frame for discovery.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: November 10, 2008