IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00498-MSK-KLM

MARK JORDAN,

    Plaintiff(s),

v.

R. WILEY, Warden, ADX Florence,
H. LAPPIN, Director, Bureau of Prisons, and
U.S. BUREAU OF PRISONS,

    Defendant(s).

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Second Motion to Compel Discovery** [Docket No. 87; Filed February 20, 2009] ("Motion to Compel").  The Court has reviewed Defendants' Response Opposing Plaintiff's "Second Motion to Compel Discovery" [Docket No. 93; Filed March 11, 2009] and Plaintiff's Reply to Defendants' Response Opposing Plaintiff's Second Motion to Compel Discovery [Docket No. 96; Filed March 20, 2009], and is fully advised in the premises.  For the reasons set forth below, the Motion to Compel is **granted**.

Plaintiff is an inmate in the custody of the Bureau of Prisons ("BOP") at ADX Florence in Florence, Colorado. The complaint, filed by Plaintiff *pro se*, alleges constitutional claims and a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Plaintiff's constitutional claims are:  (1) the BOP regulation prohibiting possession

of contraband is unconstitutionally vague as applied to Plaintiff, in violation of the Fifth Amendment; (2) the BOP Program Statement governing inmate possession of presentence reports ("PSRs") is unconstitutionally vague as applied to the Plaintiff, in violation of the Fifth Amendment; and (3) Plaintiff's disciplinary conviction for possession of contraband and his assignment to the Control Unit deprived him of procedural due process. In addition, Plaintiff alleges that the BOP Program Statement was a rule promulgated without adequate notice and comment in violation of the APA.[1]

The Court has granted Plaintiff permission to conduct discovery on his constitutional claims. [Docket No. 71]. Plaintiff moves to compel the Defendants to provide the following:

> Request No. 8 : Please provide all documents and electronically stored information pertaining to the promulgation of Program Statement 1351.05, Section 12(a)(2)(d)(1), which prohibits prisoners from possessing their PSRs.
>
> Request No. 9 : Please provide all "working files" for Program Statements 1351.04 and 1351.05.
>
> Request No. 10: Please produce all documents and electronically stored information pertaining to the promulgation of 28 C.F.R.§ 513.40.

Defendants' response was the same for all three requests:

> Objection. This Request seeks documentation that is properly contained in the Administrative Record for the claims in the above captioned case. Defendants are in the process of compiling the Administrative Record. The Court has yet to issue an Order on the proper scope of the Administrative Record. Defendants will timely provide Plaintiff with the Administrative Record in accordance with the Court's Order pertaining to the Administrative Record in this case. Defendants will supplement this response, as necessary.

In its Response to the Motion to Compel, Defendants also argue that the documents requested are not relevant to Plaintiff's constitutional claims.

---

[1] On March 26, 2008, District Judge Krieger dismissed the remainder of Plaintiff's claims.

As the Court recognized at the Status Conference held on November 20, 2008, some of the discovery involving the constitutional and APA claims would overlap. However, that is no reason to deny Plaintiff relevant documents on his constitutional claims. In addressing the relevancy argument, Plaintiff states:

> The documents sought are reasonably calculated to discover information such as the bases for the policy provision, its scope and the change it wrought from prior policy, the means through which any notice of the change was distributed ... instructions on how the policy and any exceptions were to be interpreted and applied ...

[Docket No. 96] at 3.

Plaintiff has articulated a sound basis for his document requests. The documents are potentially relevant to two of his constitutional claims, the claim involving PSRs and the claim concerned with the BOP's regulation on contraband.

Plaintiff is entitled to relief. The test for allowing disocvery of information or documents is whether the information is "relevant to the claim or defense of any party. " Fed. R. Civ. P. 26(b)(1). This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible. *Seattle Times Co. V. Rhinehart*, 467 F.2d U.S. 20, 29-30 (1984). If the material sought is relevant to the case and may lead to

admissible evidence, it should generally be produced.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Compel is **GRANTED**.

IT IS FURTHER **ORDERED** that on or before **April 30, 2009**, Defendants shall comply with this Order and produce to Plaintiff the documents sought in Requests 8, 9, and 10.

DATED: April 8, 2009

                                                  BY THE COURT:

                                                  __s/ Kristen L. Mix_____
                                                  United States Magistrate Judge