IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00498-MSK-KLM

MARK JORDAN,

    Plaintiff(s),

v.

R. WILEY, Warden, ADX Florence,
H. LAPPIN, Director, Bureau of Prisons, and
U.S. BUREAU OF PRISONS,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion and Declaration for Temporary Restraining Order or, in the Alternative, Protective Order** [Docket No. 102; Filed April 24, 2009] (the "Motion").[1]  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R. 72.1C, the Motion has been referred to this Court for recommendation.  I have reviewed the Motion, Defendants' Response Opposing Plaintiff's Motion for Temporary Restraining Order, or, in the Alternative, for Protective Order (Doc. 102), [Docket No. 106; Filed May 14, 2009] and Plaintiff's Reply to Defendants' Response Opposing Plaintiff's

---

[1] Also pending before the Court is Plaintiff's Motion to Strike Deposition and for Sanctions [Docket No. 107].  I will not address that motion here because it has not been fully briefed by the parties.

Motion for Temporary Restraining Order, or, in the Alternative, for Protective Order [Docket No. 113; Filed May 29, 2009], the entire case file and relevant law, and am advised in the premises. For the reasons stated below, I RECOMMEND that the Motion be **denied**.

## I. Background

Plaintiff is an inmate in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. The complaint, filed by Plaintiff *pro se*, alleges constitutional claims and a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Plaintiff's constitutional claims are: (1) the BOP regulation prohibiting possession of contraband is unconstitutionally vague as applied to Plaintiff, in violation of the Fifth Amendment; (2) the BOP Program Statement governing inmate possession of presentence reports ("PSRs") is unconstitutionally vague as applied to the Plaintiff, in violation of the Fifth Amendment; and (3) Plaintiff's disciplinary conviction for possession of contraband and his assignment to the Control Unit deprived him of procedural due process. In addition, Plaintiff alleges that the BOP Program Statement was a rule promulgated without adequate notice and comment in violation of the APA. *Complaint* [#3].

The pending Motion is not related to the claims in the complaint. The Motion concerns actions that post-date the filing of this case. Plaintiff is challenging the confiscation of a copy of his deposition transcript by prison officials and the pending disciplinary proceedings arising from Plaintiff's unlawful possession of that transcript copy.

On March 12, 2009, Plaintiff's deposition was taken by the Defendants. *Motion*

[#102] at 1. At the deposition, Plaintiff was informed by Theresa Montoya, a Senior Attorney with the BOP, that the ADX legal office would provide him with a copy of the deposition transcript for review, but that the copy had to be returned to Ms. Montoya upon completion of his review. Plaintiff was also told that if he wanted a copy of his deposition transcript for his personal possession, he could purchase a copy from the court reporter. *Id.*; *Response* [#106], Ex. A at ¶ 2.[2]

On April 1, 2009, ADX legal staff provided Plaintiff with a copy of his deposition transcript on pink paper. *Motion* [#102] at 2. Plaintiff asserts that he was never advised that he could not photocopy the transcript and, furthermore, there is no prison regulation that forbids it. *Id.* Defendants have not cited a specific BOP regulation that forbids an inmate's possession of a copy of his deposition transcript.

Plaintiff sent the first 74 pages of the pink-colored deposition transcript to a Denver area attorney. *Id.* The attorney made two copies of the transcript and mailed them and the pink-colored transcript back to Plaintiff at ADX. *Id.* at 3. Plaintiff alleges that on April 13, 2009, he used one of the copies of the transcript "to make his notes and tab various areas he views as having special import." *Id.* at 4. He asserts that he completed a correction sheet and a four-page declaration. *Id.*

On April 14, 2009, Plaintiff asked his case manager to have his deposition signature page notarized. *Id.* at 5. According to the case manager, Plaintiff stated that he had two additional copies of the transcript, but they were unsigned and not notarized. *Response*

---

[2] Exhibit A is a Declaration of Theresa Montoya.

[#106] Ex. A at ¶ 6.  The notary refused to notarize the Plaintiff's copies, and only signed the pink-colored transcript.  *Motion* [#102] at 5.  Plaintiff returned the pink-colored transcript to ADX legal staff the next day.  *Id.*

Once Ms. Montoya learned that Plaintiff had received two photocopies of the transcript, she went to Plaintiff's cell and demanded that he give the copies to her.  *Id.* at 6; *Response* [#102] Ex. A at ¶ 6.  According to Plaintiff, he denied having the copies and stated that he only had "work product." Prison officials searched Plaintiff's cell and found the two photocopies.  *Motion* [#102] at 6; *Response* [#106] Ex. A at ¶ 10.  Plaintiff allegedly told Ms. Montoya that he did not know he could not make copies of the transcript.  *Motion* [#102] at 7.  The copies were taken from Plaintiff's cell and he was given a confiscation form.  *Response* [#106] Ex. A at ¶ 11.  Ms. Montoya then issued an incident report charging Plaintiff with stealing, possession of anything unauthorized, refusing to obey an order, lying or providing a false statement to prison staff, and unauthorized use of the mail.  *Id.*; *Motion* [#102] at 7-8.  A hearing on the charges is pending before a Disciplinary Hearing Officer.  *Response* [#106] Ex. A at ¶ 11. The transcript copies possessed by Plaintiff were placed in a sealed envelope as evidence for the hearing.  *Id.*

Plaintiff requests that the Court enter a temporary restraining order or protective order (1) enjoining Ms. Montoya from engaging in any future duties respecting Plaintiff or this litigation; (2) directing Montoya to either return to Plaintiff the copy of the transcript containing Plaintiff's tabs and notations or submit a declaration affirming that the copy has been destroyed; (3) enjoining BOP officials from disclosing the notations and tabs on the

4

transcript to any other person; (4) directing the Defendants to disclose all information generated in response to the notations and tabs; and (5) enjoining Defendants from taking any action on the incident report issued by Ms. Montoya. *Motion* [#102] at 9.[3]

## II. Analysis

### A. Plaintiff's Status

Because Defendant is proceeding *pro se,* the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.2d at 1110.

### B. Standards for Injunctive Relief

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse

---

[3] The Court did not hold an evidentiary on Plaintiff's Motion because there are not any material factual disputes between the parties. In those few instances where the parties' factual recitations diverge, the Court has resolved the issue in Plaintiff's favor.

5

to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*[4]

Plaintiff is not entitled to injunctive relief because he has not established a sufficient nexus between the injunctive relief sought and the claims alleged in the complaint. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)(stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)). As noted above, the complaint challenges BOP's promulgation of the regulation forbidding inmate possession of PSRs as a violation of the APA and the application of the regulation to Plaintiff. He also claims that the disciplinary hearing regarding his possession of the PSR violated his constitutional rights.

The subject of the present Motion involves the BOP's handling of Plaintiff's deposition transcript and the pending disciplinary proceedings regarding Plaintiff's unlawful possession of copies of the transcript. Plaintiff's challenge involves a separate and distinct cause of action. As such, Plaintiff must bring a new case and not piggyback his new

---

[4] Fed. R. Civ. P. 65(a) and (b) governs preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. 2001) (unpublished decision) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)). While Plaintiff states that he seeks a temporary restraining order, because Defendants were given notice, the Court analyzes his Motions under the standards for a preliminary injunction.

allegations onto this case. Any other conclusion would allow prisoner Plaintiffs to continually move for a preliminary injunction for each action taken by the BOP, however unrelated, after the filing of the complaint. The idea that a prisoner Plaintiff could enjoin unrelated disciplinary proceedings against him pending the outcome of his court case is untenable.

Plaintiff alleges that the incident report and the pending disciplinary proceeding are "intertwined with this case." *Reply* [#113] at 6. Plaintiff asserts that his injunctive relief claim is related to "the discovery process." *Id.* To the extent that he claims that the transcript issue is related because it inhibits his ability to prosecute his underlying case, that argument is belied by his request to have the transcript destroyed. *See Motion* [#102] at 9.[5]

Even if Plaintiff's motion involved issues more germane to the claims in the complaint, he still would not be entitled to injunctive relief. This Court should not intervene in the prison's disciplinary proceedings. Prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269-70 & n.2 (4th Cir. 1994). Courts are "extremely deferential" to the decisions made by prison administrators, *Farmer v. Perrill*,

---

[5] A BOP attorney has provided an affidavit stating that the transcript will be destroyed once the disciplinary process is completed. *Response* [# 106] Ex. 3 at ¶ 9.

288 F.3d 1254, 1261 (10th Cir. 2002), and have recognized that

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safely*, 482 U.S. 78, 84-85 (1987). The injunction requested by Plaintiff would significantly undermine the discretion and authority of prison officials. *See Taylor v. Freeman*, 34 F.3d 266, 269-70 (4th Cir. 1994)(noting that intervention into prison management through injunctive relief disfavored). For the foregoing reasons, I find that Plaintiff is unable to meet his burden to show that he is entitled to the remedy of a preliminary injunction.[6]

    C.    Access to the Courts and Retaliation

Plaintiff's pleadings raise two other issues that need to be considered by the Court. In his Reply, Plaintiff appears to be asserting that he was denied access to the courts and that the BOP has retaliated against him. *Reply* [#113] at 7-8. He alleges that Ms. Montoya's delay of one week in issuing the incident report and confiscating the transcript somehow interfered with his ability to file a timely dispositive motion in this case. *Id.*

---

[6] Defendants also argue that Plaintiff failed to exhaust his administrative remedies with respect to the claims asserted in the Motion. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via a federal complaint. Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211(2007); However, the burden is not on the Plaintiff to sufficiently plead exhaustion or attach exhibits proving exhaustion. *Id.* at 921. Rather, the burden is on Defendant to assert a failure to exhaust in their dispositive motion. Based on the record presently before me, I cannot find that Plaintiff has failed to exhaust.

8

To set forth a claim of denial of access to the courts, a plaintiff must plead and prove that he actually was impeded in his ability to pursue a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 353 (1996). Generally, the right of access to the courts has been found to extend only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Furthermore, an inmate must satisfy the standing requirement of pleading an "actual injury" by showing that the denial of legal resources plausibly hindered his efforts to pursue a non-frivolous claim. *Lewis*, 518 U.S. at 349-357*; Peterson*, 149 F.3d at 1145; *see also Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (holding that to state a claim for denial of access to the courts, a plaintiff "must show that any denial or delay of access to the court prejudiced him in pursuing litigation" (citation omitted)). A plaintiff may assert an access to the courts claim at any time during the litigation regardless of whether such a claim is contained in his complaint. *Ayyad v. Gonzales*, No. 05-cv-02342-WYD-KLM, 2008 WL 203420, at *3 (D. Colo. Jan. 17, 2008).

Plaintiff has not shown that he has been denied access to the court. He has not identified how the delay in issuing the incident report impacted his filing of any pleadings in this Court. In fact, Plaintiff requested [Docket #111] and was granted an extension of time to file his response to the Defendants' Motion for Summary Judgment [Docket # 112].[7]

---

[7] Although Plaintiff asserts that he was prevented from filing a dispositive motion in a timely matter, his motion for extension of time only seeks additional time to respond to Defendants' dispositive motion.

Plaintiff's response was due on June 10, 2009.[8]  Therefore, there is no basis for Plaintiff's claim.

Plaintiff also suggests that the alleged delay in the issuance of the incident report was in retaliation for some conduct by him.  He does not specify what that conduct is, but "[t]o establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action." *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 280839, at *7 (D. Colo. Jan. 31, 2008) (unpublished decision) (quoting *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)).  However, an inmate is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity."  *Peterson v. Shanks,* 149 F.3d 1140,1144 (10th Cir.1998).

To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place."  *Id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)).  That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188

---

[8] On June 15, 2009, Plaintiff filed a second motion requesting a three day extension. [Docket # 116].  The Court has yet to rule on that motion.

F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). Plaintiff has not alleged sufficient facts to create a causal connection between any alleged constitutionally protected conduct and Ms. Montoya's actions or inactions during the disciplinary process. He is not entitled to relief on this claim.

    D.    Protective Order

Plaintiff's motion seeks a temporary restraining order or, in the alternative, a protective order. The issue is not addressed in the text of the motion, but Plaintiff does mention Rule 26 of the Federal Rules of Civil Procedure in his Reply. *Reply* [#113] at 5. Plaintiff asserts that the transcript seized by prison officials contains "work product" and requests that the transcript be returned to him after the hearing, that prison officials be prohibited from disclosing the notations and tabs on the transcripts or, in the alternative, that the transcript be destroyed. *Motion* [#102] at 9; *Reply* [#113] at 6. According to the affidavit of an attorney at the prison, the transcript will be destroyed at the conclusion of the disciplinary proceedings. *Response* [#106] Ex. 3 at ¶ 9.

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Fed. R. Civ. P. 26(c) allows the court to limit the discovery of certain information. A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The good cause standard of 26(c) is not met by the conclusory statements of the opposing party. *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). Instead, "the party

11

seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party." *Id.* (citing *Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D.Colo. 2002)). As a general rule, the "good cause" calculation requires that the court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum*, 209 F.R.D at 206 (citations omitted). In addition, the Court should consider any privacy interests that may be implicated and whether the case involves issues that may be important to the public. *Id.*

Plaintiff apparently seeks the protective order to foreclose disclosure of the "work product" written on the transcript copy. A protective order should be denied for several reasons. First, Plaintiff has not provided even a general description of the nature of these annotations and tabs. Thus, the court is not fully informed about the information Plaintiff seeks to protect from disclosure. To the extent that such information constitutes Plaintiff's notes, it does not qualify as "work product" because Plaintiff is not an attorney. *See Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 669 (10th Cir. 2006) (stating that work product protection *only applies to attorneys' or legal representatives'* mental impression, conclusions, opinions, or legal theories authored in anticipation of litigation). Moreover, it is undisputed that the transcript at issue was illegally obtained by Plaintiff. He does not have the right to possess the transcript copy or any information that it contains. Finally, by requesting that the transcript be destroyed, Plaintiff is admitting that he does not need the material allegedly written on the transcript. Therefore, Plaintiff is not entitled to a protective order.

IV. Conclusion

Based on the foregoing, I RECOMMEND that Plaintiff's Motion and Declaration for Temporary Restraining Order or, in the Alternative, Protective Order be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 17, 2009

                                                  BY THE COURT:

                                                  __s/ Kristen L. Mix_____
                                                  United States Magistrate Judge