IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00498-MSK-KLM

MARK JORDAN,

     Plaintiff(s),

v.

R. WILEY, Warden, ADX Florence,
H. LAPPIN, Director, Bureau of Prisons, and
U.S. BUREAU OF PRISONS,

     Defendant(s).

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on Plaintiff's **Motion for Sanctions Pursuant to Rule 37(b)(2)** [Docket No. 124; Filed July 10, 2009] (the "Motion").  Defendants filed a response to the Motion on July 30, 2009 [Docket No. 129] and Plaintiff filed a reply on August 6, 2009 [Docket No. 131].  For the reasons set forth below, the Motion is **DENIED**.

I. Background

Plaintiff is an inmate in the custody of the Bureau of Prisons ("BOP") at ADX Florence in Florence, Colorado. The complaint, filed by Plaintiff *pro se*, alleges constitutional claims and a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.  Plaintiff's constitutional claims are:  (1) the BOP regulation prohibiting possession of contraband is unconstitutionally vague as applied to Plaintiff, in violation of the Fifth

Amendment; (2) the BOP Program Statement governing inmate possession of presentence

reports ("PSRs") is unconstitutionally vague as applied to the Plaintiff, in violation of the

Fifth Amendment; and (3) Plaintiff's disciplinary conviction for possession of contraband

and his assignment to the Control Unit deprived him of procedural due process. In addition,

Plaintiff alleges that the BOP Program Statement was a rule promulgated without adequate

notice and comment in violation of the APA.[1]

The Court has granted Plaintiff permission to conduct discovery on his constitutional

claims. [#71]. In the present Motion, Plaintiff alleges that Defendants have not complied

with the Court's April 8, 2009 Order granting Plaintiff's Second Motion to Compel Discovery.

*Order* [#99] at 2, 4. The Court ordered the Defendants to produce "all documents and

electronically stored information pertaining to the promulgation of Program Statement

1351.05, Section 12(a)(2)(d)(1), which prohibits prisoners from possessing their PSRs." *Id.*

at 2.[2]

Plaintiff alleges that Defendants have not complied with the Court's Order. He

asserts that Defendants did provide him with documents in their supplemental response

to his discovery request, *Motion* [#124] at 1, but Defendants have also provided Plaintiff

with a "privilege log" concerning certain documents and objected to providing those

documents on the grounds that "[s]ome of the requested information is protected by the

---

[1] On March 26, 2008, District Judge Krieger dismissed the remainder of Plaintiff's claims.

[2] This is Plaintiff's Document Request No. 8, the subject of Plaintiff's Second Motion to Compel.

attorney-client, attorney work product, law enforcement, and deliberative process privileges" and protected by the Privacy Act. *Response* [#129] Ex. A-2 (Defendants' Supplemental Responses to Second Document Request). Plaintiff asserts that Defendants' production of the privilege log is not responsive to his document request. *Motion* [#124] at 1. Plaintiff also contends that Defendants failed to timely assert their privileges in the initial response to his production request and, therefore, any objections to the request based on privilege are waived. *Id.* at 1-2.

In response, Defendants assert that they have provided to Plaintiff approximately 185 pages of documents in response to Document Request No. 8 as well as a privilege log detailing the documents being withheld. *Response* [#129] at 3.   Defendants also contend that they did not waive any privileges associated with production of the documents. *Id.* In their initial response to Document Request No. 8 of Plaintiff's Second Request for Production of Documents, Defendants asserted that the responsive documents were potentially part of the Administrative Record, the scope of which the Court had not ruled on at the time. *Response* [#129] Ex. A-1 at 5.   Defendants had also provided the Court with a Proposed Administrative Record and stated that some of the documents "may need to be withheld pursuant to privilege ...." *Motion* [#75] Ex. A-1 at 1 n. 1.   Defendants contend that this statement preserves their objections to Plaintiff's discovery request based on privilege. *Response* [#129] at 3.

## II.  Analysis

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling

discovery and imposing sanctions in appropriate circumstances.  Pursuant to Rule 37, the Court may prevent a party who has failed to provide information as required by Rule 26(a) or (e) from using the information wrongfully withheld in subsequent proceedings.  The Court may also order payment of "the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions," including but not limited to striking pleadings, prohibiting the disobedient party from opposing designated claims, and entering default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii) & (c)(1)(A), (C)..

Rule 37 sanctions are imposed not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct.  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  "[T]he limit of any sanction should be that [penalty] reasonably necessary to deter the wrongdoer."  *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990).  "[T]he chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'"  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citation omitted).

Fed. R. Civ. P. 34(b)(2)(B) provides that when a party receives a document request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  An objection to a request "must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  Unlike Fed. R. Civ. P. 33, which applies to interrogatories, Rule 34 does not expressly state that a response and objections to a

4

document discovery request must be timely or they are waived unless excused for good

cause.  Nevertheless, courts have found the procedures to be the same for both rules.  *See*

*Enron Corp. Savings Plan v. Hewitt Associates, LLC*, 258 F.R.D. 149, 153 n. 1 (S.D. Texas

2009)(Rule 33 waiver and good cause provision applies to Rule 34);  *Hall v. Sullivan*, 231

F.R.D. 468, 473-74 (D. Md. 2005)("implicit within Rule 34 is the requirement that objections

to document production requests must be stated with particularly in a timely answer, and

that failure to do so may constitute waiver of grounds not properly raised, including privilege

... unless the court excuses this failure for good cause shown"); *Blumenthal v. Drudge*, 186

F.R.D. 236, 240 (D.D.C. 1999)(Rule 33(b)(4) waiver and good cause principle applies to

written document requests under Rule 34).  Thus, even if the Defendants failed to assert

privileges in their initial response to Plaintiff, the Court can excuse the lack of an objection

for good cause.

   "A waiver of a ... privilege should not be imposed based merely on a party's failure

to assert an objection within the time provided by the Federal Rules of Civil Procedure."

*Pham v. Hartford Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000).  The Court should only find

a waiver of a privilege in "the presence of unjustified delay, inexcusable conduct, or bad

faith."  *Kovacs v. Hershey Co.*, No. 04-cv-01881-WYD-BND, 2006 WL 1980291, at

*11 (D. Colo. Jul. 13, 2006); *see also Elloie v. Allstate Ins. Co.*, No. 07-4434, 2008 WL

4747214, at * 5 (E.D. La. Oct. 17, 2008)("'a waiver of privilege is a serious sanction

reserved for cases of unjustified delay, inexcusable conduct, bad faith or other flagrant

violation") (quoting *Applied Systems, Inc. v. Northern Ins. Co. of New York*, No. 97 C 1565,

1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997)).  "Minor procedural violations, good faith

attempts at compliance and other such mitigating circumstances bear against finding

waiver." *Heavin v. Owens-Corning Fiberglass*, No. 02-2572-KHV-DJW, 2004 WL 316072,

at *12 (D. Kan. Feb. 3, 2004).

On December 5, 2008, Defendants filed a motion to designate the administrative

record. [#75].  In the motion, Defendants asserted that some of the documents produced

as part of the administrative record may be "withheld pursuant to privilege ...." *Id.* at 1 n.1.

On January 29, 2009, Defendants responded to Plaintiff's Document Request No. 8 by

objecting to production of the documents because they were part of the administrative

record.  *Response* [#129] Ex. A-1 at 5.  After the Court granted Plaintiff's second motion

to compel regarding Document Request No. 8, Defendants produced the non-privileged

requested documents and a privilege log describing the documents being withheld based

on  privilege.  Under these circumstances, I find that the Defendants did not unjustifiably

delay or engage in any egregious conduct that would require the Court to find that they

waived applicable privileges.

Plaintiff argues that Defendants' production of the 185 documents accompanied by

a privilege log does not comply with the Court's April 8, 2009 Order granting Plaintiff's

motion to compel.  Fed. R. Civ. P. 26(b)(5)(A)(ii) provides that when a party withholds

information of the basis of privilege, it must "describe the nature of the documents,

communications, or tangible things not to be produced or disclosed – and do so in a

manner that, without revealing information itself privileged or protected, will enable other

parties to assess the claim."  The usual method for compliance with the Rule is to provide a privilege log to the other party.  *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984); *Avery Denison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999).  Privilege logs are appropriate when the responding party to a discovery request concedes that certain documents are subject to production, but withholds the documents based on privilege.  *In re Motor Fuel Temperature Sales Practices Litigation*, No. 07–MD-1840-KHV, 2009 WL 959491, at *1 (D. Kan. Apr. 3, 2009); *see also* Fed. R. Civ. P. 26(b)(5)(A) (stating requirements for withheld documents based on privilege).  To satisfy the burden under Rule 26(b)(5), the party asserting the privilege must provide a privilege log that describes in detail the documents claimed to be privileged and the reasons the materials are subject to the asserted privilege.  *Horton v. United States*, 204 F.R.D. 670, 673 (D. Colo. 2002); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000).  The documents must be sufficiently described "to enable the parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).

Defendants provided Plaintiff with a privilege log that describes the documents, identifies the creators and recipients of the documents, and specifies the privilege claimed for each document. *Response* [#129] Ex. A-4.  "The basic objective [of Fed. R. Civ. P. 26(b)(5)] is a sufficient description of the matters withheld to satisfy the needs of the case." 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2016.1. Defendants' privilege log provides Plaintiff with sufficient notice of the nature of the documents and the privilege asserted and meets the requirements of Rule 26.

I conclude that Defendants have complied with this Court's April 8, 2009 Order

and the Federal Rules of Civil Procedure.  There is no basis for imposing sanctions

under Fed. R. Civ. P. 37.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.


DATED: September 8, 2009


BY THE COURT:


__s/ Kristen L. Mix_____
United States Magistrate Judge