IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00498-MSK-KLM

MARK JORDAN,

        Plaintiff,

v.

R.WILEY, Warden, ADX Florence,
H. LAPPIN, Director, Bureau of Prisons, and
U.S. BUREAU OF PRISONS,

        Defendants.
_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION
AND CLOSING CASE**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's *pro se*[1] Motion for Relief from Order **(# 152)**, which this Court construes to be a motion for reconsideration of the Court's September 16, 2009 Opinion and Order Granting Motion for Summary Judgment **(#135)**, and the Defendants' response **(# 154)**.

The pertinent facts and background are set forth in the Court's September 19, 2009 Order and will not be repeated herein. Mr. Jordan's instant motion essentially seeks reconsideration of

---

[1] As always, the Court construes Mr. Jordan's *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, *pro se* status does not relieve Mr. Jordan of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Jordan according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

1

two portions of that Order: (i) that portion of the Court's Order that construed the Bureau of Prisons' ("BOP") "Code 305," 28 C.F.R. § 541.13, Table 3, in conjunction with BOP Program Statement 1351.05; and (ii) that portion of the Court's Order that construed the BOP's restriction on inmate legal materials, 28 C.F.R. § 543.11(d), to permit the Warden to restrict an inmate's ability to possess Presentence Investigation Reports ("PSRs") on security grounds.

The Court is not convinced that a proper predicate exists for reconsideration. Mr. Jordan's motion, filed more than 10 days after entry of the September 16, 2009 Order, is governed by Fed. R. Civ. P. 60(b). Rule 60(b) permits the Court to reconsider an order due to, among other things, a substantive "mistake or law or fact" by the Court, Fed. R. Civ. P. 60(b)(1), *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), or as a result of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Reconsideration under Rule 60(b) is extraordinary, and may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor properly used to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991).

Mr. Jordan raises several contentions that would appear to invoke various portions of Rule 60(b). He contends, for example, that the Court addressed the confluence of Code 305 and the Program Statement *sua sponte*, thus depriving him of an opportunity to be heard on the issue, *see e.g. Zander v. Craig Hosp.*, ___ F.R.D. ___, 2010 WL 1409428 (D. Colo. Apr. 9, 2010)

(relief under Rule 60(b)(1) appropriate where "the court has obviously misapprehended a party's position . . . or mistakenly has decided issues outside of those the parties presented for determination"); alleges that he has "since obtained [new evidence, namely] BOP Program Statement 1221.66," thus apparently invoking Rule 60(b)(2), and generally asserts that the Court erred in its prior analysis, thus warranting relief under Rule 60(b)(6). However, it appears that the issue that the Court addressed "*sua sponte*" specifically addresses an argument raised by Mr. Jordan in his initial motion, *see Docket* # 135 at 14 ("The Plaintiff offers a convoluted argument that Code 305 and the Program Statement cannot be read in conjunction because they address different issues . . ."). The "newly discovered" evidence is a Program Statement that was in existence at the time of Mr. Jordan's original motion and thus, could have been discovered with reasonable diligence and produced by Mr. Jordan at the time of that motion; and the various arguments put forward by Mr. Jordan asserting error by the Court appear to simply be efforts to improper efforts to simply re-argue matters already considered by the Court in prior briefing. Thus, the Court finds that Mr. Jordan's motion does not make a showing sufficient to warrant reconsideration by the Court.

Nevertheless, even if the Court were to turn to the substantive arguments raised by Mr. Jordan in the current motion, it would nevertheless find those arguments to be without merit. Previously, the Court charitably characterized Mr. Jordan's argument about the disjunction between Code 305 and the Program Statement as "convoluted," and his current iteration of that argument does little to clarify it. As best the Court can determine, Mr. Jordan contends that BOP regulations (*e.g.* Code 305) and BOP Program Statements have mutually exclusive legal effects, and thus, material that is prohibited to an inmate by operation of a Program Statement (*e.g.*

3

Program Statement 1351.05's prohibition on inmate possession of PSRs) does not necessarily become "contraband" whose possession gives rise to discipline under BOP regulations (*e.g.* Code 305 permitting an inmate to be punished for possession of contraband). To the extent this is (and/or was) Mr. Jordan's argument, the Court finds it unconvincing. Taken in the context of a vagueness challenge – which is how the issue was presented to the Court for adjudication – the Court finds that ordinary people considering the regulation and the Program Statement would readily conclude that one could be punished for possession of "contraband" under Code 305 by possessing items that were prohibited by the terms of a Program Statement. Indeed, the very definition of the term "contraband" is that which a person is otherwise prohibited form possessing. The disjunction Mr. Jordan sees between the two provisions is one that is occasioned solely as a result of convoluted, hypertechnical efforts to find a disjunction, rather than to construe them as an ordinary reader might. Under these circumstances, even if the Court were to reconsider its prior ruling in light of Mr. Jordan's current arguments, it would nevertheless reach the same result for the same reasons.

Similarly, the Court rejects Mr. Jordan's argument that the Court erred in construing 28 C.F.R. § 543.11(d)(2) to permit a Warden to limit, for security reasons, the <u>type</u> (*e.g.* PSRs) of legal materials an inmate possesses, when the regulation itself states that the Warden "may limit the <u>amount</u> of legal materials an inmate may accumulate for security . . . reasons." (Emphasis added.) Once again, the Court finds that Mr. Jordan gives the regulation an undue and unreasonably narrow reading with the intent of limiting the BOP's ability to respond to security concerns. Under Mr. Jordan's strained reading of § 543.11(d)(2), the BOP could not prevent an inmate from retaining a particular item of legal material (*i.e.* an insignificant <u>amount</u> of paper)

4

even if it were undisputed that the inmate's possession of the item presented a genuine security threat.[2] No reasonable person giving § 543.11 a fair reading would reach that same conclusion, and thus, the provisions of § 543.11 do not advance Mr. Jordan's argument that Program Statement 1351.05 was unconstitutionally vague. Moreover, the Court addressed 28 C.F.R. §543.11(d)(2) solely for the purpose of acknowledging a potential source of confusion – that a casual reading of § 543.11(d) might appear to permit inmates to possess PSRs, despite the clear prohibition of such possession reflected in Program Statement 1351.05. The Court articulated "several . . . deficiencies" with the argument that §543.11 introduced unconstitutional vagueness into the interpretation of the Program Statement. *Docket* # 135 at 16, n. 6. In addition to the fact that § 543.11(d)(2), by its own terms, allowed the Warden to restrict possession of inmate legal materials for security purposes, the Court also observed that § 543.11 was merely definitional in nature and did not purport to extend to inmates any specific right to possess legal materials – much less PSRs specifically. Even if Mr. Jordan were correct that § 543.11(d)(2) was only susceptible to a reading that the Warden could only restrict the <u>amount</u> of legal materials an inmate possessed, Mr. Jordan has still failed to show that § 543.11 created any specific right in inmates to possess legal materials. Thus, Mr. Jordan's current argument, even if meritorious, would not alter the Court's ultimate conclusion that Mr. Jordan's vagueness challenges to the Program Statement and Code 305 were without merit.

Accordingly, Mr. Jordan's motion for reconsideration **(# 152)** is **DENIED**. Mr. Jordan dismissed the two claims that remained as a result of the Court's September 16, 2009 Order(#

---

[2]For example, imagine that an inmate who was suing prison officials for injuries sustained during a prison altercation came into possession of a blueprint of the prison that was supplied to the Court as a demonstrative exhibit in that suit.

**157).** There being no remaining matters left to address in this action, the Clerk of the Court is directed to close this case. The motions pending at Docket # 164 and 174 are thus rendered moot.

Dated this 18th day of June, 2010

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge